**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ROSA CASTILLO,**<br><br>     **Plaintiff,**<br><br>-against-<br><br>**NORM INTERNATIONAL LLC d/b/a CHOP SHOP BAR & GRILL, and NURETTIN OGUTOGULLARI,**<br><br>     **Defendants.** | **Case No. 26 Civ. 2421** |

## COMPLAINT

Plaintiff Rosa Castillo, by and through her attorneys, Kessler Matura P.C., complaining of Defendants Norm International LLC d/b/a Chop Shop Bar & Grill and Nurettin Ogutogullari (collectively "Defendants"), alleges as follows:

### INTRODUCTION

1. Plaintiff is a former kitchen worker in Defendants' restaurant Chop Shop Bar & Grill (the "Restaurant"). Plaintiff brings this action to seek redress against Defendants for unpaid minimum wages, overtime, and spread-of-hours pay, as well as notice and wage statement violations.

2. Defendants paid Plaintiff a flat weekly cash wage regardless of hours worked. As a result, her hourly rate fell below the statutory minimum wage. Defendants failed to compensate Plaintiff for all hours worked in excess of 40 per workweek at one and one-half times her regular rate of pay.

3. Defendants also failed to pay Plaintiff spread-of-hours pay for all shifts in which she worked more than ten hours in one day.

1

4.      Plaintiff brings her claim for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.*, and the New York Labor Law ("NYLL"), and other appropriate rules, regulations, statutes, and ordinances. Plaintiff further brings her claims for unpaid minimum hourly wages, spread-of-hours pay, and recordkeeping violations pursuant to the NYLL.

## JURISDICTION & VENUE

5.      Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337.

6.      This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

7.      This action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## THE PARTIES

### Plaintiff Rosa Castillo

8.      Plaintiff is an individual who resides in Suffolk County, New York.

9.      At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

10.      At all times relevant, Plaintiff was employed by Defendants as a kitchen worker.

11.      Plaintiff expressed her consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b). *See* Ex. A.

2

*Defendant Norm International LLC*

12. Defendant Norm International LLC is a foreign limited liability company registered to do business in the State of New York.

13. Defendant Norm International LLC is doing business as Chop Shop Bar & Grill.

14. Defendant Norm International LLC maintains its principal place of business at 47 East Main Street, Smithtown, New York 11787.

15. Defendant Norm International LLC purchased the Restaurant in or around May 2018.

16. At all times hereinafter mentioned, Defendant Norm International LLC was an "employer" within the meaning of all applicable statutes.

17. At all times hereinafter mentioned, the activities of Defendant Norm International LLC constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

18. At all times hereinafter mentioned, Defendant Norm International LLC employed employees, including Plaintiff, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

19. Defendant Norm International LLC's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

20. At all relevant times, Defendant Norm International LLC maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices that applied to Plaintiff.

*Defendant Nurettin Ogutogullari*

21.    Defendant Nurettin Ogutogullari is the sole officer of Defendant Norm International LLC.

22.    Defendant Nurettin Ogutogullari is registered with the New York State Liquor Authority as the principal of Defendant Norm International LLC.

23.    Upon information and belief, and at all times hereinafter mentioned, Defendant Nurettin Ogutogullari owned and/or operated Defendant Norm International LLC.

24.    Defendant Nurettin Ogutogullari is an agent of Defendant Norm International LLC.

25.    Defendant Nurettin Ogutogullari is regularly present at the Restaurant.

26.    Upon information and belief, Defendant Nurettin Ogutogullari has authority over personnel decisions for the Restaurant.

27.    Upon information and belief, Defendant Nurettin Ogutogullari has authority over payroll decisions for the Restaurant's employees.

28.    Upon information and belief, Defendant Nurettin Ogutogullari has the authority to hire and fire employees of the Restaurant.

29.    Upon information and belief, Defendant Nurettin Ogutogullari has the power to make binding decisions for Defendant Norm International LLC.

30.    Upon information and belief, Defendant Nurettin Ogutogullari has the power to transfer the assets or liabilities of Defendant Norm International LLC.

31.    Upon information and belief, Defendant Nurettin Ogutogullari has the power to declare bankruptcy on behalf of Defendant Norm International LLC.

32.    Upon information and belief, Defendant Nurettin Ogutogullari has the power to enter into contracts on behalf of Defendant Norm International LLC.

4

33.    Defendant Nurettin Ogutogullari is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

## FACTUAL ALLEGATIONS

34.    Defendants employed Plaintiff as a kitchen worker at the Restaurant from around March 2019 through January 7, 2026, with an interruption from late March 2020 through August 2020, due to the COVID-19 pandemic.

35.    Throughout her employment, Plaintiff's duties included food preparation (vegetables, sides, and seafood), dishwashing, cleaning kitchen equipment (fish baskets, grills, chopping tables, and hood filters), receiving and storing deliveries, closing duties (sweeping, mopping, cleaning rubber mats, and taking out garbage), and cleaning restrooms.

36.    From March 2019 to March 2020 ("Period 1") and August 2020 through December 3, 2025 ("Period 2"), Plaintiff worked the following schedule: Monday, Wednesday, Thursday from 12:00 p.m. to 10:00 p.m.; Friday from 12:00 p.m. to 11:00 p.m.; Saturday from 1:00 p.m. to 11:00 p.m.; and Sunday from 1:00 p.m. to 10:00 p.m. Tuesday was her day off. Plaintiff took a one-hour lunch break from 3:00 p.m. to 4:00 p.m. each day, except on July 4th, October 31st, and approximately three event/party days per month.

37.    Plaintiff's net hours during Periods 1 and 2 totaled approximately 54 hours per week.

38.    Defendants paid Plaintiff $700 per week in cash during Periods 1 and 2. Defendants never paid Plaintiff by check or bank transfer. Plaintiff received her wages in a cash-filled envelope bearing only her name, with no wage amount listed.

39.    From December 3, 2025 through January 7, 2026 ("Period 3"), Plaintiff's schedule changed to: Monday, Wednesday, Thursday from 5:00 p.m. to 10:00 p.m.; Friday and Saturday

from 5:00 p.m. to 11:00 p.m.; and Sunday from 1:00 p.m. to 10:00 p.m. Because her Monday through Saturday shifts started at 5:00 p.m. — after the standard 3:00–4:00 p.m. lunch window — no lunch deduction applied on those days. Her net hours during Period 3 totaled approximately 40 hours per week.

40.    During Period 3, Defendants reduced Plaintiff's pay. Her wages varied week to week: $458 for the first week, $700 for the second, $458 for the third, $700 for the fourth, and $880 for her final two days worked (Sunday and Wednesday), paid the following Saturday. Defendants continued the same cash-envelope pay practice throughout Period 3.

41.    Throughout Periods 1 and 2, Plaintiff consistently worked 54 net hours per week — 14 hours in excess of the 40-hour overtime threshold.

42.    Defendants failed to compensate Plaintiff for those overtime hours at one and one-half times her regular rate of pay.

43.    During Periods 1 and 2, Plaintiff regularly worked shifts exceeding ten hours — specifically, her Friday shifts (11 hours net).

44.    However, Defendants failed to pay an additional hour of spread-of-hours pay at the minimum wage rate.

45.    The Restaurant used a fingerprint time-clock, located by the walk-in refrigerator, to track employee hours. Defendants also maintained paper timecards as a backup. At some point during Period 2, the fingerprint machine broke down. Rather than requiring employees to use timecards, Defendants stopped tracking hours altogether for employees paid in cash, including Plaintiff. Defendants installed a new, smaller time-clock near the busser station, but required only non-cash employees to use it.

6

46.     Throughout Plaintiff's employment, Defendants failed to furnish her with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

47.     Defendants failed to furnish Plaintiff with the hiring notice required by the NYLL.

48.     Defendants managed Plaintiff's employment, including her schedule and how much overtime she worked.

49.     Defendants dictated, controlled, and ratified all wage and hour policies applicable to Plaintiff.

50.     Defendants were aware of Plaintiff's work hours but failed to pay Plaintiff the full amount of wages due under the law.

51.     Defendants previously faced a lawsuit with similar allegations filed in this Court on October 15, 2020. *See Guzman Hernandez v. Norm International LLC*, No. 20 Civ. 4963 (E.D.N.Y.). Nevertheless, Defendants' payroll practices continued to violate the FLSA and NYLL.

52.     Defendants' failure to pay proper wages in a timely manner or furnish proper wage statements and hiring notice was without good faith, willful, and with a reckless disregard for Plaintiff's rights.

**FIRST CAUSE OF ACTION**
**FLSA – Overtime Wages**

53.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54.     Plaintiff was a non-exempt employee entitled to be paid overtime compensation for all overtime hours worked.

55.     Plaintiff did not meet the requirements to fall under any of the exemptions covered by Section 13 of the FLSA, 29 U.S.C. § 213.

7

56.     Defendants employed Plaintiff for workweeks longer than 40 hours and willfully failed to compensate Plaintiff for all of the time worked in excess of 40 hours per week, at a rate of at least one and one-half times her regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

57.     Defendants failed to make a good faith effort to comply with the FLSA with respect to their compensation to Plaintiff.

58.     Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

59.     As a result of the willful underpayment of wages, Plaintiff incurred damages, and Defendants are indebted to her in the amount of the unpaid overtime compensation, together with liquidated damages, interest, attorneys' fees, and costs in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**NYLL – Unpaid Overtime**

60.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61.     Defendants employed Plaintiff for workweeks longer than 40 hours and failed to compensate her for all of the time worked in excess of 40 hours per week, at a rate of at least one and one-half times her regular hourly rate, in violation of the requirements of the NYLL.

62.     By the course of conduct set forth above, Defendants have violated NYLL § 650, *et seq.*, and 12 N.Y.C.R.R. § 146-1.4.

63.     Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff.

64.     Defendants had no reasonable, good-faith basis for believing their overtime wage-payment practices complied with the NYLL.

65.     As a consequence of the underpayment of wages, alleged above, Plaintiff incurred damages and Defendants are indebted to her in the amount of the unpaid overtime compensation and such other legal and equitable relief as the Court deems just and proper.

66.     Plaintiff further seeks recovery of liquidated damages, attorneys' fees, and costs to be paid by Defendants as provided by the NYLL.

**THIRD CAUSE OF ACTION**
**NYLL – Unpaid Minimum Wages**

67.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68.     The NYLL requires employers to pay all employees a minimum wage for each hour worked. N.Y. Lab. Law § 652; 12 N.Y.C.R.R. § 146-1.2.

69.     Defendants failed to compensate Plaintiff at an hourly rate at or above the statutory minimum wage.

70.     Throughout Periods 1 and 2, Defendants paid Plaintiff a flat $700 per week regardless of the number of hours she worked. Because Plaintiff worked 54 net hours per week, her effective hourly rate was approximately $12.96 per hour. Beginning in 2020, that rate fell below the applicable New York State minimum wage, which increased annually from $13.00 per hour in 2020 to $14.00 in 2021, $15.00 in 2022 and 2023, $16.00 in 2024, and $16.50 in 2025.

71.     During Period 3, Defendants further reduced Plaintiff's weekly pay to $458 for alternating weeks of her final five weeks of employment. At 40 hours per week, that reduction produced an effective hourly rate of approximately $11.45 per hour — well below the applicable New York State minimum wage of $16.50 and $17.00 during that period.

72.     Defendants had no reasonable, good-faith basis for believing their hourly payment practices complied with the NYLL.

9

73. As a consequence of the underpayment of wages, alleged above, Plaintiff has incurred damages and Defendants are indebted to her in the amount of unpaid hourly compensation and such other legal and equitable relief as the Court deems just and proper.

74. Plaintiff further seeks recovery of liquidated damages, attorneys' fees, interest, and costs to be paid by Defendants as provided by the NYLL.

## FOURTH CAUSE OF ACTION
### NYLL – Spread of Hours Pay

75. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

76. Defendants failed to pay Plaintiff one additional hour of pay at the minimum wage rate for each day the spread of hours was more than ten, in violation of N.Y. Lab. Law § 190, *et seq.* & 650, *et seq.*, as codified by 12 N.Y.C.R.R. § 146-1.6.

77. Defendants had no reasonable, good-faith basis for believing their spread-of-hours payment practices complied with the NYLL.

78. As a consequence of the underpayment of wages, alleged above, Plaintiff has incurred damages and Defendants are indebted to her in the amount of the unpaid spread-of-hours compensation and such other legal and equitable relief as the Court deems just and proper.

79. Plaintiff further seeks recovery of liquidated damages, attorneys' fees, interest, and costs to be paid by Defendants as provided by the NYLL.

## FIFTH CAUSE OF ACTION
### NYLL – Failure to Provide Proper Wage Notice

80. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

81. Defendants failed to supply Plaintiff with proper wage notices, as required by N.Y. Lab. Law § 195(1), in English or in the language identified as her primary language, at the time of hiring, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer.

82. Due to Defendants' violations of N.Y. Lab. Law § 195(1), Plaintiff is entitled to statutory penalties of $50 for each workday that Defendants failed to provide Plaintiff with annual wage notices, or a total of $5,000, and reasonable attorneys' fees and costs, as provided for by N.Y. Lab. Law § 198(1-b).

### SIXTH CAUSE OF ACTION
### NYLL – Failure to Provide Accurate Wage Statements

83. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

84. Defendants failed to supply Plaintiff with an accurate statement of wages with every payment of wages as required by N.Y. Lab. Law § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

11

85.     Due to Defendants' violations of N.Y. Lab. Law § 195(3), Plaintiff is entitled to statutory penalties of $250 for each workday that Defendants failed to provide her with accurate wage statements, or a total of $5,000, and reasonable attorneys' fees and costs, as provided for by N.Y. Lab. Law § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Rosa Castillo seeks the following relief:

A.     Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

B.     Unpaid overtime pay and liquidated damages as permitted by law pursuant to the NYLL;

C.     Unpaid minimum wages and liquidated damages as permitted by law pursuant to the NYLL;

D.     Unpaid spread-of-hours pay and liquidated damages as permitted by law pursuant to the NYLL;

E.     Statutory damages, as provided for by N.Y. Lab. Law § 198, for Defendants' violations of the notice and recordkeeping requirements set forth in N.Y. Lab. Law § 195;

F.     Pre-judgment interest and post-judgment interest as provided by law;

G.     Appropriate equitable and injunctive relief to remedy violations, including an order enjoining Defendants from continuing their unlawful practices;

H.     Attorneys' fees and costs of the action; and

I.     Such other relief as this Court shall deem just and proper.

Dated: Melville, New York
      April 23, 2026

Respectfully submitted,

**KESSLER MATURA P.C.**

By: /s/ Benjamin A. Goldstein
     Benjamin A. Goldstein

Troy L. Kessler
Benjamin A. Goldstein
534 Broadhollow Road, Suite 275
Melville, NY 11747
(631) 499-9100
tkessler@kesslermatura.com
bgoldstein@kesslermatura.com

***Attorneys for Plaintiff***

# **Exhibit A**

## CONSENT TO BECOME A PARTY-PLAINTIFF

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* against my former employers, Norm International LLC d/b/a Chop Shop Bar & Grill and Nurettin Ogutogullari, to secure any relief that may be awarded, including unpaid wages, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Norm International LLC d/b/a Chop Shop Bar & Grill and Nurettin Ogutogullari.

2. During the past three years, Norm International LLC d/b/a Chop Shop Bar & Grill and Nurettin Ogutogullari did not pay me the correct wages for the hours I worked in excess of forty (40) each workweek.

3. I authorize Kessler Matura P.C. to represent me in this case.

Date: 4/14/2026

Signature

Rosa Castillo

Print Name

## FORMULARIO DE CONSENTIMIENTO

1. Consiento para afirmar reclamaciones por violaciones del Acto de Estándares de Trabajo Justo, 29 U.S.C. § 201, *et seq.*, contra mis empleadores anteriores, Norm International LLC d/b/a Chop Shop Bar & Grill y Nurettin Ogutogullari, para asegurar cualquier ayuda que podrá concederse, incluyendo remuneración no pagada, daños y perjuicios, honorarios de abogados, gastos y cualquier otra reparación que surja de mi empleo con Norm International LLC d/b/a Chop Shop Bar & Grill y Nurettin Ogutogullari.

2. Durante los últimos tres años, Norm International LLC d/b/a Chop Shop Bar & Grill y Nurettin Ogutogullari no me pagaron correctamente por las horas trabajadas en exceso de cuarenta (40) por cada semana laboral.

3. Autorizo a Kessler Matura P.C. a representarme en este caso.

Fecha: 4/14/2026

Firma

Rosa Castillo

Nombre en Letra