UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ROSA CASTILLO,                                    Docket No. 26-cv-02421

                              Plaintiff,
                                                        **ANSWER**

        -against-

NORM INTERNATIONAL LLC d/b/a
CHOP SHOP BAR & GRILL, and
NURETTIN OGUTOGULLARI,

                              Defendants.
-------------------------------------------------------------X

Defendants NORM INTERNATIONAL LLC d/b/a CHOP SHOP BAR &

GRILL, and NURETTIN OGUTOGULLARI, by and through their attorneys, Feather

Law Firm, P.C., hereby interpose the following Answer to Plaintiff's Complaint:

        1.      Admit that Plaintiff is a former kitchen worker for Defendant Norm

International LLC, but deny the remainder of the allegations contained in Paragraph "1"

of the Complaint.

        2.      Deny the allegations contained in Paragraph "2" of the Complaint.

        3.      Deny the allegations contained in Paragraph "3" of the Complaint.

        4.      Paragraph "4" of the Complaint states Plaintiff brings her claim for unpaid

overtime wages pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended,

29 U.S.C. § 201, *et seq.*, and the New York Labor Law ("NYLL"), and other appropriate

rules, regulations, statutes, and ordinances.  Plaintiff further brings her claims for unpaid

minimum hourly wages, spread-of-hours pay, and recordkeeping violations pursuant to

NYLL.  As such, the Defendants are not obligated to answer; to the extent that this

paragraph may be read as setting forth any allegation(s) of fact, the Defendants deny

those allegation(s).

1

5. Defendants assert that Paragraph "5" of the Complaint contains conclusions of law and not factual allegations to which an answer is required. To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

6. Defendants assert that Paragraph "6" of the Complaint contains conclusions of law and not factual allegations to which an answer is required. To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

7. Defendants assert that Paragraph "7" of the Complaint contains conclusions of law and not factual allegations to which an answer is required. To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

8. Deny knowledge sufficient to form a belief as to the allegations set forth in Paragraph "8" of the Complaint.

9. Defendants assert that Paragraph "9" of the Complaint contains conclusions of law and not factual allegations to which an answer is required. To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

10. Deny the allegations contained in Paragraph "10" of the Complaint.

11. Admit the allegations contained in Paragraph "11 of the Complaint.

12. Admit the allegations contained in Paragraph "12" of the Complaint.

13. Admit the allegations contained in Paragraph "13" of the Complaint.

14. Admit the allegations contained in Paragraph "14" of the Complaint.

2

15.    Deny the allegations contained in Paragraph "15" of the Complaint.

16.    Defendants assert that Paragraph "16" of the Complaint contains conclusions of law and not factual allegations to which an answer is required.  To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

17.    Defendants assert that Paragraph "17" of the Complaint contains conclusions of law and not factual allegations to which an answer is required.  To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

18.    Defendants assert that Paragraph "18" of the Complaint contains conclusions of law and not factual allegations to which an answer is required.  To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

19.    Admit the allegations contained in Paragraph "19" of the Complaint.

20.    Admit the allegations contained in Paragraph "20" of the Complaint.

21.    Admit the allegations contained in Paragraph "21" of the Complaint.

22.    Admit the allegations contained in Paragraph "22" of the Complaint.

23.    Admit,  as is set forth in Paragraph "23" of the Complaint, that Defendant Nurettin Ogutogullari owned Defendant Norm International LLC during the relevant time period, but deny that he operated said corporation during that time period

24.    Defendants assert that Paragraph "24" of the Complaint contains conclusions of law and not factual allegations to which an answer is required.  To the

3

extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

25. Deny the allegations contained in Paragraph "25" of the Complaint.

26. Admit the allegations contained in Paragraph "26" of the Complaint.

27. Admit the allegations contained in Paragraph "27" of the Complaint.

28. Admit the allegations contained in Paragraph "28" of the Complaint.

29. Admit the allegations contained in Paragraph "29" of the Complaint.

30. Admit the allegations contained in Paragraph "30" of the Complaint.

31. Admit the allegations contained in Paragraph "31" of the Complaint.

32. Admit the allegations contained in Paragraph "32" of the Complaint.

33. Defendants assert that Paragraph "33" of the Complaint contains conclusions of law and not factual allegations to which an answer is required. To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

34. Admit the allegations contained in Paragraph "34" of the Complaint, except deny knowledge or information sufficient to form a belief as to Plaintiff's exact start date with the Defendant Norm International LLC.

35. Admit the allegations contained in Paragraph "35" of the Complaint.

36. Deny the allegations contained in Paragraph "36" of the Complaint.

37. Deny the allegations contained in Paragraph "37" of the Complaint.

38. Deny the allegations contained in Paragraph "38" of the Complaint.

39. Deny the allegations contained in Paragraph "39" of the Complaint.

40. Deny the allegations contained in Paragraph "40" of the Complaint.

4

41.    Deny the allegations contained in Paragraph "41" of the Complaint.

42.    Deny the allegations contained in Paragraph "42" of the Complaint.

43.    Deny the allegations contained in Paragraph "43" of the Complaint.

44.    Deny the allegations contained in Paragraph "44" of the Complaint.

45.    Deny the allegations contained in Paragraph "45" of the Complaint.

46.    Admit the allegations contained in Paragraph "46" of the Complaint.

47.    Admit the allegations contained in Paragraph "47" of the Complaint.

48.    Deny the allegations contained in Paragraph "48" of the Complaint.

49.    Deny the allegations contained in Paragraph "49" of the Complaint.

50.    Deny the allegations contained in Paragraph "50" of the Complaint.

51.    Admit, as is contained in Paragraph "51" of the Complaint, that Defendants previously faced a similar lawsuit, but deny the remainder of the allegations contained in this paragraph.

52.    Deny the allegations contained in Paragraph "52" of the Complaint.

## FIRST CAUSE OF ACTION
### FLSA – Overtime – Wages

53.    The Defendants repeat, reiterate and reallege each and every answer to the allegations contained in Paragraphs "1" through "52" of the Complaint with the same force and effect as if contained at length herein.

54.    Defendants assert that Paragraph "54" of the Complaint contains conclusions of law and not factual allegations to which an answer is required.  To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

5

55.    Defendants assert that Paragraph "55" of the Complaint contains conclusions of law and not factual allegations to which an answer is required.  To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

56.    Deny the allegations contained in Paragraph "56" of the Complaint.

57.    Deny the allegations contained in Paragraph "57" of the Complaint.

58.    Deny the allegations contained in Paragraph "58" of the Complaint.

59.    Deny the allegations contained in Paragraph "59" of the Complaint.

## SECOND CAUSE OF ACTION
### NYLL – Unpaid Overtime

60.    The Defendants repeat, reiterate and reallege each and every answer to the allegations contained in Paragraphs "1" through "59" of the Complaint with the same force and effect as if contained at length herein.

61.    Deny the allegations contained in Paragraph "61" of the Complaint.

62.    Deny the allegations contained in Paragraph "62" of the Complaint.

63.    Deny the allegations contained in Paragraph "63" of the Complaint.

64.    Deny the allegations contained in Paragraph "64" of the Complaint.

65.    Deny the allegations contained in Paragraph "65" of the Complaint.

66.    Paragraph "66" of the Complaint states Plaintiff further seeks recovery of liquidated damages, attorneys' fees, and costs to be paid by Defendants as provided by the NYLL.  As such, the Defendants are not obligated to answer; to the extent that this paragraph may be read as setting forth any allegation(s) of fact, the Defendants deny those allegation(s).

## THIRD CAUSE OF ACTION

6

## NYLL – Unpaid Minimum Wages

67.     The Defendants repeat, reiterate and reallege each and every answer to the allegations contained in Paragraphs "1" through "66" of the Complaint with the same force and effect as if contained at length herein.

68.     Paragraph "68" of the Complaint states the NYLL requires employers to pay all employees a minimum wage for reach hour worked.  N.Y. Lab. Law § 652; 12 N.Y.C.RR. § 146-1.2.  As such, the Defendants are not obligated to answer; to the extent that this paragraph may be read as setting forth any allegation(s) of fact, the Defendants deny those allegation(s).

69.     Deny the allegations contained in Paragraph "69" of the Complaint.

70.     Deny the allegations contained in Paragraph "70" of the Complaint.

71.     Deny the allegations contained in Paragraph "71" of the Complaint.

72.     Deny the allegations contained in Paragraph "72" of the Complaint.

73.     Deny the allegations contained in Paragraph "73" of the Complaint.

74.     Paragraph "74" of the Complaint states Plaintiff further seeks recovery of liquidated damages, attorneys' fees, interest, and costs to be paid by Defendants as provided by the NYLL.  As such, the Defendants are not obligated to answer; to the extent that this paragraph may be read as setting forth any allegation(s) of fact, the Defendants deny those allegation(s).

## FOURTH CAUSE OF ACTION
## NYLL – Spread of Hours Pay

75.     The Defendants repeat, reiterate and reallege each and every answer to the allegations contained in Paragraphs "1" through "74" of the Complaint with the same force and effect as if contained at length herein.

76. Deny the allegations contained in Paragraph "76" of the Complaint.

77. Deny the allegations contained in Paragraph "77" of the Complaint.

78. Deny the allegations contained in Paragraph "78" of the Complaint.

79. Deny the allegations contained in Paragraph "79" of the Complaint.

## FIFTH CAUSE OF ACTION
### NYLL – Failure to Provide Proper Wage Notice

80. The Defendants repeat, reiterate and reallege each and every answer to the allegations contained in Paragraphs "1" through "79" of the Complaint with the same force and effect as if contained at length herein.

81. Admit the allegations contained in Paragraph "81" of the Complaint.

82. Deny the allegations contained in Paragraph "82" of the Complaint.

## SIXTH CAUSE OF ACTION
### NYLL – Failure to Provide Accurate Wage Statements

83. The Defendants repeat, reiterate and reallege each and every answer to the allegations contained in Paragraphs "1" through "82" of the Complaint with the same force and effect as if contained at length herein.

84. Admit the allegations contained in Paragraph "84" of the Complaint.

85. Deny the allegations contained in Paragraph "85" of the Complaint.

### PRAYER FOR RELIEF

The Defendants deny that the Plaintiff is entitled to any of the relief sought.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants demand a trial by jury in this action.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

8

The Complaint should be dismissed, in whole or in part, to the extent that it fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed to the extent that they are barred by applicable statutes of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Court has no jurisdiction or should not exercise jurisdiction over Plaintiff's state law claims.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff was paid all monies to which he was legally entitled.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to establish a basis for liquidated damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

In the alternative, Plaintiff was not entitled to liquidated damages because Defendants acted in good faith and had reason to believe their actions and/or omissions did not willfully violate federal and/or state law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine(s) of laches, waiver, estoppel, unclean hands, avoidable consequences, after-acquired evidence and/or other principles of equity.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's losses are barred, in whole or in part, because the losses, if any, purportedly suffered by Plaintiffs were caused, if at all, by factors unrelated to any conduct or lack thereof on the part of these Answering Defendants.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

If Plaintiff succeeds in establishing any violation under the Fair Labor Standards Act and/or the New York State Labor Law and/or any other state law, and to the extent any sums are found due and owing to Plaintiff, which is expressly denied, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff.

## AS AND FOR TENTH AFFIRMATIVE DEFENSE

Any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under the FLSA, the New York State Labor Law and/or any other state law.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any damages for which he is entitled to relief.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments, or offsets permissible under the FLSA, the New York State Labor Law and/or any other state law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff was paid all monies to which he was legally entitled.

10

Defendants reserve the right to supplement these defenses based upon information obtained during discovery.

WHEREFORE, Defendants request that the Court:

a)    Dismiss, with prejudice, Plaintiff's Complaint in its entirety;

b)    Deny each and every demand, claim and prayer for relief contained in the Plaintiff's Complaint;

c)    Award to the Defendants reimbursement for the cost of defending this meritless, vexatious and frivolous claim, including attorneys' fees; and

d)    Grant such other and further relief as the Court deems just and proper.

Dated:    Garden City, New York
          July 22, 2026

Yours, etc.,

David S. Feather, Esq.
FEATHER LAW FIRM, P.C.
*Attorney for the Defendants*
666 Old Country Road, Suite 509
Garden City, New York 11530
(516) 745-9000

11

TO:    Benjamin A. Goldstein, Esq.
       KESSLER MATURA P.C.
       *Attorneys for Plaintiff*
       534 Broadhollow Road, Suite 275
       Melville, New York 11747
       (631) 499-9100

Case 2:26-cv-02421-AYS   Document 12   Filed 07/22/26   Page 13 of 14 PageID #: 85

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LEONARDO VASQUEZ HERNANDEZ,                     Docket No. 23-cv-05586

                       Plaintiff,

        -against-                                   **AFFIRMATION OF SERVICE**

MOHAMMED ALGHAWI A/K/A MOHAMMED
AL GHAWI, PARISCINA MCDUFFIE A/K/A
PARISCINA ALGHAWI, 126 DELI CORP and
MO GOURMET DELI CORP.,

                    Defendants.
-----------------------------------------------------------------X

STATE OF NEW YORK )
                 ) ss.:
COUNTY OF NASSAU )

David S. Feather, being duly sworn, deposes and says:

I am not a party to the foregoing action, am over the age of 18 years, with a business address of 666 Old Country Road, Suite 509 in Garden City, New York. On July 22, 2026, I served the within document:

### ANSWER

By regular mail in a sealed envelope and via ECF addressed to the following person or persons at the addresses set forth below.

Benjamin A. Goldstein, Esq.
KESSLER MATURA P.C.
534 Broadhollow Road, Suite 275
Melville, New York 11747

DAVID S. FEATHER

13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    Docket No. 26-cv-02421

_____

ROSA CASTILLO,
                              Plaintiff,
          -against-

NORM INTERNATIONAL LLC d/b/a
CHOP SHOP BAR & GRILL, and
NURETTIN OGUTOGULLARI,

                              Defendants.
_____


## ANSWER

_____


Feather Law Firm, P.C.
*Attorneys for Defendants*
666 Old Country Road, Suite 509
Garden City, New York 11530
(516) 745-9000
fax (516) 908-3930

_____

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*


*Dated:  July 22, 2026*


David S. Feather