UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
ROSA CASTILLO,                                                    :
                                                                 :
                                        Plaintiff,               :    Case No.: 26 Civ. 2421 (AYS)
              - against -                                         :
                                                                 :
NORM INTERNATIONAL LLC d/b/a CHOP SHOP BAR &                      :
GRILL, and NURETTIN OGUTOGULLARI                                  :
                                                                 :
                                        Defendants.              :
--------------------------------------------------------------------------X

### [PROPOSED] ORDER IN FLSA CASE REQUIRING DISCOVERY AND SETTING INITIAL PRETRIAL SCHEDULE

The Federal Rules of Civil Procedure require a pretrial schedule tailored to the circumstances of each case. Fed. R. Civ. P. 16, 1. The following order implements that requirement for cases based on the Fair Labor Standards Act (FLSA).

The Rule 26(a)(1) provisions on initial disclosures are waived in this case. Instead, the parties must utilize the following discovery protocol and comply with the following deadlines and requirements:

1.    By September 17, 2026, the parties must serve on each other (but not file) copies of the following:

Plaintiffs:    All documents in the Plaintiff's possession, custody, or control that pertain to the unpaid wages claims in the Complaint.

Defendant:    The time sheets or other time records and payroll records in the Defendants' possession, custody, or control that pertain to work the Plaintiff performed during the period for which the Plaintiff claim unpaid wages. Any written statement of policy, workplace rules, or handbook setting out the policies and practices on compensating workers performing the relevant type of work.

1

2. By October 1, 2026, the Plaintiff must answer the Court's Interrogatories attached to this Order as Appendix A, under oath or penalty of perjury and serve a copy on the Defendants.

3. By October 30, 2026, Counsel for the Plaintiff and the Defendants must meet and confer in person in good-faith effort to settle all pending issues, including attorneys' fees and costs. The parties, including a representative of each corporate party with full authority, will at a minimum, be available by telephone during the conference to consider and approve any settlement.

4. By November 5, 2026, after the conference referenced above, counsel must jointly file a Report Regarding Settlement that notifies the Court: (1) whether the parties have reached an agreement in principle to settle the case and will be submitting that agreement to the Court for review and approval; (2) whether the parties have not settled the case but want to continue settlement discussions with each other for a specific period, not to exceed two weeks; or (3) whether the parties are unable to reach settlement, at which point the Court will refer the action to mediation.

5. Until the parties file the Discovery Planning Report, all discovery in this case is STAYED, except as provided in this Order.

6. In the event no settlement is reached under these procedures, and this Court later grants Plaintiff's motion for notice to be sent to similarly situated individuals advising them of their right to opt-in, the limitations period for any person receiving notice will be tolled from the date of this Order until the parties file their Rule 26(f) Discovery Planning Report lifting the stay on these proceedings.

7.　　If the parties settle at a later time, they must immediately advise the Court and promptly submit a joint motion to approve the settlement.

8.　　Due to the volume of cases based on the FLSA, the Court expects strict adherence to these deadlines and requirements. Exceptions will be granted only for compelling reasons.

9.　　The parties may move to alter this schedule for good cause. Any such request shall only be made after the parties confer, and shall be made by joint letter request filed via this Court's ECF system.

Dated: Central Islip, New York

_____, 2026

_____
ANNE Y. SHIELDS
United States Magistrate Judge

Counsel of Record

*Plaintiff's Counsel*

Troy L. Kessler
Benjamin Goldstein
Kessler Matura P.C.
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: (631) 499-9100

*Defendants' Counsel*

David S. Feather
Feather Law Firm, P.C.
666 Old Country Road, Suite 509
Garden City, NY 11530
Telephone: (516)-908-9000

3

**APPENDIX A**

1.    During what period of time did you work for the Defendants?

2.    Who was your immediate supervisor?

3.    Did you have a regularly scheduled work period? If so, specify.

4.    What was your title or position? Briefly describe your job duties.

5.    What was your regular rate of pay?

6.    What is the nature of your claim (check all that apply)?

_____    Off the clock work (Defendant failed to record, or prohibited you from recording, all of your working time;

_____    Misclassification (Defendant mistakenly classified you as exempt from overtime);

_____    Misclassification (Defendant failed to correctly calculate your compensation);

_____    Other (Please describe):

7.    Provide an accounting of your claim, including:

   a.  dates

   b.  regular hours worked

   c.  over-time hours worked

   d.  pay received versus pay claimed

   e.  total amount claimed

8.    If you have brought this case as a collective action:

   a.  Describe the class of employees you seek to include in this action.

   b.  Has an opt-in notice been filed for every potential opt-in Plaintiff who has identified himself or herself as a person who wishes to join this action?

9.    Please specify all attorney's fees and costs incurred to date. With respect to attorney's fees, please provide the hourly rate(s) sought and the number of hours expended by each person who has billed time to this case.

10. When did you (or your attorney) first complain to your employer about alleged violations of the FLSA?

11. Was this complaint written or oral? (If a written complaint, please attach a copy).

12. What was your employer's response? (If a written response, please attach a copy).